**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY., Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
ARI J. STILLER, Esq., Cal. Bar No. 294676
ari@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**UNITED EMPLOYEES LAW GROUP, PC**
WALTER L. HAINES, ESQ. (SBN-71075)
admin@uelglaw.com
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel: (562) 256-1047/Fax: (562) 256-1006

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STONE, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>AIR PRODUCTS AND CHEMICALS, INC.; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO.: 3:20-cv-01627<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, and 1199<br>2. Violation of Business & Professions Code § 17200<br>3. Penalties Pursuant to Labor Code § 2698, *et seq*. |

Plaintiff RANDY STONE, an individual, on behalf of himself, all others similarly situated, and on behalf of the people of the State of California and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, §2699, et seq. (herafter "PAGA") complains of Defendant AIR PRODUCTS AND CHEMICALS, INC. ("Defendant") and each of them, as follows:

## I.

## INTRODUCTION

1. This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382, and Labor Code §2699, et seq., on behalf of Plaintiff and a Proposed Class defined as:

> All hourly employees of AIR PRODUCTS AND CHEMICALS, INC., in the State of California, who were required to remain on-call at any time since four (4) years prior to the filing of this action and continuing to the present. ("Proposed Class")

2. From at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to pay wages for all hours worked to Plaintiff and members of the Proposed Class.

3. Plaintiff, on behalf of himself and all Proposed Class Members brings this action pursuant to Labor Code §§ 510, 1194, and 1199; Wage Order 1-2001; and California Code of Regulations, Title 8, Section 11010, seeking unpaid wages, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4. Plaintiff, on behalf of himself and all Proposed Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

5. For at least one (1) year prior to the date of the letter sent to the Labor Workforce Development Agency and Defendant giving notice of the claims pursuant

to PAGA on January 31, 2020 and continuing to the present, Defendant maintained a consistent policy of failing to compensate Plaintiff and other employees for time spent on call even though Defendant placed restrictions on their movements and actions during this time such that the time should have been compensated.

6. For at least one (1) year prior to the date of the letter sent to the Labor Workforce Development Agency and Defendant giving notice of the claims pursuant to PAGA on January 31, 2020 and continuing to the present, Defendant maintained an unlawful "use it or lose it" vacation policy in violation of Labor Code § 227.3.

7. For at least one (1) year prior to the date of the letter sent to the Labor Workforce Development Agency and Defendant giving notice of the claims pursuant to and Labor Code §2699, et seq., on January 31, 2020 and continuing to the present, Defendant has failed to timely pay all wages due at the separation of aggrieved employees' employment with Defendant.

8. For at least one (1) year prior to the date of the letter sent to the Labor Workforce Development Agency and Defendant giving notice of the claims pursuant to and Labor Code §2699, et seq., on January 31, 2020 and continuing to the present, Defendant has violated several Labor Code sections that give rise to a claim pursuant to PAGA, including Labor Code §§ 201, 202, 203, 227.3, 510, 1174, 1194, and 1199. Plaintiff brings this cause of action on behalf of himself and all aggrieved employees as defined in his notice letter to the LWDA.

## II.

## JURISDICTION AND VENUE

9. Defendant has removed this action pursuant to 28 U.S.C. §§ 1332 & 1441. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## III.
## PARTIES

### A. PLAINTIFF

11. Plaintiff RANDY STONE is a resident of California, County of Napa.

12. Plaintiff and all Proposed Class Members, were regularly required to work without being paid for all hours worked at the appropriate rate. As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

13. Aggrieved employees were required to work without compensation during time they were on call even though Defendant controlled their movements and actions during this time such that compensation was required.

14. Aggrieved employees were required to work under an illegal "use it or lose it" vacation policy.

15. Defendant willfully failed to timely compensate aggrieved employees for wages at the separation of their employment with Defendant.

16. Plaintiff and all current and former employees are aggrieved employees within the meaning of Labor Code § 2699, *et seq*. (See Labor Code § 2699(c).)

### B. DEFENDANTS

17. Defendant AIR PRODUCTS AND CHEMICALS, INC. is believed to be a Delaware corporation operating within the State of California. Defendant's corporate address is believed to be 7201 Hamilton Blvd, Allentown, PA 18195. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as hourly employees within California. Defendant has done and does business throughout the State of California.

18. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon

alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

20. Furthermore, Defendants acted in all respects as the employers or joint employers of the Proposed Class. Defendants, and each of them, exercised control over the wages, hours or working conditions of the Proposed Class, or suffered or permitted the Proposed Class to work, or engaged, thereby creating a common law employment relationship, with the Proposed Class. Therefore, Defendants, and each of them, employed or jointly employed the Proposed Class.

## IV.
## FACTUAL BACKGROUND

21. Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant. Defendant hires employees who work as hourly employees who are paid on an hourly basis.

22. Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 1-2001 (Title 8 Cal. Code of Regs. § 11010).

23. On a regular and consistent basis, Plaintiff and members of the Proposed Class were not compensated for time spent on-call. Defendant places significant restrictions on Plaintiff and other members of the Proposed Class,

including restricting travel and barring activities that would make the employee unreachable.  Employees are not free to use on-call time for their own purposes. Time spent on call thus constitutes "hours worked" under California law, but Defendant has not compensated employees for this time.

24. Defendant maintained an unlawful "use it or lose it" vacation policy. Defendant's "use it or lose it" policy forces aggrieved employees to forfeit earned vacation ages in violation of California law. Defendant failed to pay aggrieved employees for their fully vested vacation at the time of their separation from the company.

25. Based on the forgoing violations, aggrieved employees were not timely paid all wages due upon their separation from Defendant's employ.  As such, Defendant failed to pay all aggrieved employees all wages due at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter in violation of Labor Code §§ 201, 202, and 203.

26. As a result of the acts alleged herein, Defendants violated Labor Code § 2699, *et seq*.

## V.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action and Representative Action pursuant to Rule 23(a) and 23(b)(3).  Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class and representative action.  Plaintiff seeks to represent a proposed class composed of and defined as follows:

> All hourly employees of AIR PRODUCTS AND CHEMICALS, INC., in the State of California, who were required to remain on-call at any time since four (4) years prior to the filing of this action and continuing to the present.  ("Proposed Class")

28. Plaintiff reserves the right under to amend or modify the class description with greater specificity, or further division into subclasses, or limitation to particular issues.

29. This action, on behalf of members of the Proposed Class, meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3).

### A. NUMEROSITY

30. The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed over 50 members of the Proposed Class.

31. Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

### B. COMMONALITY

32. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

    a. Whether Defendant failed to pay wages and/or overtime compensation to the Proposed Class Members as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

    b. Whether Defendant violated § 17200, *et seq.* of the Business & Professions Code by engaging in the acts previously alleged; and

    c. Whether Plaintiff and the members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions Code § 17200, *et seq.*

    d. Whether Defendant is liable for penalties under California Labor Code § 2699, *et seq.* by engaging in the acts alleged herein.

### C. TYPICALITY

33. The claims of Plaintiff are typical of the claims of the Proposed Class. Plaintiff and all members of the Proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### D. ADEQUACY OF REPRESENTATION

34. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class.

35. Counsel who represent Plaintiff and the Proposed Class are competent and experienced in litigating large employment class actions.

### E. SUPERIORITY OF CLASS ACTION

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class. Each member of the Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to pay all wages due.

37. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.
## FIRST CAUSE OF ACTION
**PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS**
**FAILURE TO PAY WAGES AND/OR OVERTIME UNDER**
**LABOR CODE §§ 510, 1194, 1194.2 AND 1199**

8
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

38. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

39. Defendant has violated Labor Code §§ 510, 1194, 1194.2, and 1199.

40. Labor Code §§ 1194 and 1199 require an employer to pay its employees the legal minimum wage and the legal overtime compensation applicable. Labor Code § 510(a) states that eight hours of labor constitutes a day's work and any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay. California law also requires that any compensation must be included in the regular rate of pay.

41. Here, Defendant has had a consistent policy of failing to compensate Plaintiff and the Proposed Class for time during which they were on-call. Defendant places significant restrictions on Plaintiff and members of the Proposed Class during on-call time, including restricting travel and barring activities that would make the employee unreachable. Employees are not free to use on-call time for their own purposes. Time spent on call constitutes "hours worked" under California law, but Defendant has not compensated Plaintiff or Proposed Class Members for this time.

42. As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class Members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## VII.

## SECOND CAUSE OF ACTION

**PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200**

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

43. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

44. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq*. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

45. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

46. Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

47. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

48. Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to

all employees under law.

49. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq*. of the Business & Professions Code.

50. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, *et seq*. of the Business & Professions Code.

51. As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

52. Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

## VIII.
## THIRD CAUSE OF ACTION
## PLAINTIFF ON BEHALF OF OTHER AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS FOR PENALTIES PURSUANT TO LABOR CODE §2699, ET SEQ

53. Plaintiff, on behalf of the State of California, and the aggrieved employees, realleges and incorporates by reference all previous paragraphs.

54. Plaintiff brings this representative action on behalf of himself and the State of California as well as on behalf of two groups of aggrieved employees defined as:

   a. All hourly employees of AIR PRODUCTS AND CHEMICALS, INC., in the State of California, who were required to remain on call

at any time since one (1) year prior to Plaintiff's notice letter to the LWDA and continuing to the present ("On-Call Aggrieved Employees").

b. All employees of AIR PRODUCTS AND CHEMICALS, INC., in the State of California eligible to accrue vacation who worked one or more pay periods since one (1) year prior to the date of Plaintiff's notice letter to the LWDA and continuing to the present ("Vacation Aggrieved Employees").

55. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code §2699, *et seq*. because of Defendants' violation of Labor Code §§ 510, 1174, 1194, and 1199, *et seq*. which call for civil penalties.

56. Additionally, Defendant maintained an unlawful "use it or lose it" vacation policy. Earned vacation time is considered wages, and vacation time is earned, or vests, as labor is performed. Vacation pay accrues as it is earned, and cannot be forfeited, even upon termination of employment, regardless of the reason for the termination. (S*uastez v. Plastic Dress Up* (1982) 31 Cal.3d 774.) Here, Defendant's "use it or lose it" policy forces Vacation Aggrieved Employees to forfeit earned vacation wages in violation of California law.

57. In addition, Labor Code §227.3 provides: "…whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…" Here, Defendant failed to pay Plaintiff and all Vacation Aggrieved Employees for their fully vested vacation at the time of their separation from the company.

58. Furthermore, numerous aggrieved employees are no longer employed by Defendant. They were either fired or quit Defendant's employ.

59. Labor Code section 203 provides that if "an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the

employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Here, as discussed above, aggrieved employees were not paid all wages due upon their separation from Defendant's employ. As such, Defendant failed to pay Plaintiff and all aggrieved employees all wages due at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter in violation of Labor Code §§ 201, 202, and 203.

60. Thus, Plaintiff also seeks penalties under Labor Code §2699, *et seq.* because of Defendant's violation of Labor Code §§ 201, 202, 203, and 227.3. (See *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 754, reh'g denied (June 13, 2018), review denied (Aug. 8, 2018).)

61. For each such penalty, Plaintiff and the aggrieved employees are entitled to penalties in an amount to be shown at trial, subject to the following formula:

    a. $100 for the initial violation per employee per pay period.

    b. $200 for each subsequent violation per employee per pay period.

62. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent (25%) to the affected employees.

63. Pursuant to Labor Code § 2699.3(a)(1), Plaintiff uploaded a notice letter to the LWDA[1] and mailed a letter by certified mail to Defendant AIR PRODUCTS AND CHEMICALS, INC, as prescribed by the Code on January 31, 2020 describing Defendants' conduct in violation of the Labor Code. (See Exhibit "A.")

---

[1] Plaintiff electronically filed a PAGA Claim Notice to the LWDA, via the State of California Labor and Workforce Development Agency / Department of Industrial Relations website (https://dir.tfaforms.net/266).

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

64. Plaintiff also paid the filing fee of $75.00 by check made out to the LWDA accompanied by a cover letter identifying that it applies to this Action. (See Exhibit "B".) Plaintiff received a signed certified green return receipt from Defendant on February 11, 2020 establishing that it received Plaintiff's notice. (See Exhibit "C".) As no letter evidencing the LWDA's intention to investigate was received by Plaintiff's Counsel within sixty-five (65) calendar days, Plaintiff is entitled to commence a civil action as though the LWDA had chosen not to investigate pursuant to Labor Code § 2699.3(a)(2)(A). Plaintiff will also provide the LWDA with a filed-stamped copy of the First Amended Class and Representative Action Complaint.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1. Compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each Proposed Class Member from at least four (4) years prior to the filing of this action to the present as may be proven;

2. An award of prejudgment and post judgment interest;

3. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime pursuant to Labor Code §§ 510, 1194, 1194.2, 1199, and IWC 1-2001;

4. Restitution for unfair competition pursuant to Business & Professions Code § 17200, e*t seq.*, including disgorgement or profits, in an amount as may be proven;

5. Penalties Pursuant to Labor Code §2699, *et seq*. for a violation of Labor Code §§ 201, 202, 203, 227.3, 510, 1174, 1194, 1194.2, and 1199;

6. An award providing for payment of costs of suit;

7. An award of attorneys' fees; and

8. Such other and further relief as this Court may deem proper and just.

14
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: April 8, 2020                KINGSLEY & KINGSLEY, APC

By: /s/ *Ari J. Stiller*
Liane Katzenstein Ly
Ari J. Stiller
Attorneys for Plaintiff RANDY STONE and the Proposed Class